This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                            **NO. 35,777**

**RICARDO ORNELAS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Chief Judge.**

{1}     Defendant Ricardo Ornelas appeals from his conviction by conditional plea of

receiving stolen property. In this Court's notice of proposed disposition, we proposed

to summarily affirm. Defendant filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm Defendant's conviction.

{2}      In his memorandum in opposition, Defendant continues to argue that he was coerced into giving consent to search his vehicle when three officers were present and repeatedly asked to search Defendant's vehicle despite lack of consent before Defendant finally acquiesced to the search. [MIO 5-10] Defendant's argument has been addressed by our notice of proposed disposition, so we refer Defendant to our analysis therein. [*See* CN 3-9] None of the facts or law asserted by Defendant in his memorandum in opposition persuades us to change our analysis.

{3}      We additionally note that a party responding to a proposed disposition of this Court must point out specific errors in fact or law in the notice of proposed disposition, which Defendant has not done in his MIO. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Rather, in response to this Court's calendar notice, Defendant's counsel has provided several pages re-describing the facts, proceedings, and law that were already asserted by this Court in its notice. [*See* MIO 2-10; CN 3-9] Counsel has not pointed out whether any of the facts or law reasserted in Defendant's memorandum in opposition are contrary to those relied on by this Court in our notice of proposed disposition. Although Counsel did note in a

footnote that additional and clarifying information was provided by trial counsel, Counsel has failed to point out what additional or clarifying information was actually provided and, instead, simply cites to such conversations with trial counsel globally throughout the fact section.

{4} With regard to Defendant's contentions in his memorandum in opposition that he was "badgered" and "harassed" by the officers [MIO 4-5], that his lack of consent constituted denials notwithstanding the fact that he did not actually deny the requests [MIO 3, 4; *see* RP 103, 109; *see also* CN 7-8], that his so-called "denials" were not being scrupulously honored despite the fact that he did not actually deny the requests [MIO 8; *see* RP 103, 109; *see also* CN 7-8], and that the facts of the present case are more akin to those in *State v. Pierce*, 2003-NMCA-117, 134 N.M. 388, 77 P.3d 292 [MIO 9], we reiterate that we review "whether the trial court correctly applied the law to the facts when the facts are viewed in the light most favorable to the *prevailing party*." *State v. Snell*, 2007-NMCA-113, ¶ 7, 142 N.M. 452, 166 P.3d 1106 (emphasis added). We also reiterate that "the question is whether the trial court's decision is supported by substantial evidence, not whether the trial court could have reached a different conclusion." *State v. Davis*, 2013-NMSC-028, ¶ 10, 304 P.3d 10 (alterations, internal quotation marks, and citation omitted). We do not re weigh the evidence but, instead, "defer to the district court when it weighs the credibility of witnesses and resolves conflicts in witness testimony." *State v. Salas*, 1999-NMCA-099, ¶ 13, 127

3

N.M. 686, 986 P.2d 482; *see State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156. Moreover, with regard to Defendant's reference to *Pierce*, we addressed the facts from that case in our calendar notice and refer Defendant to our analysis therein. [*See* CN 4-5 (discussed within the context of *Davis*)]

{5}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's conviction.

{6}     **IT IS SO ORDERED.**


_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**


_____

**JONATHAN B. SUTIN, Judge**


_____

**STEPHEN G. FRENCH, Judge**